**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

Leonard Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Decided: March 2, 2017

Patricia L. Enerio, Esquire
Aaron M. Nelson, Esquire
Proctor Heyman Enerio LLP
300 Delaware Avenue
Suite 200
Wilmington, DE 19801

Arthur L. Dent, Esquire
Jaclyn C. Levy, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801

> RE: ***Bennett J. Glazer, et al. v. Alliance Beverage Distributing Co., LLC***,
> Civil Action No. 12647-VCMR

Dear Counsel:

This letter opinion addresses Defendant's motion to dismiss or to stay this case in favor of arbitration. I have reviewed the parties' submissions and the applicable law and do not require oral argument on this motion. For the reasons stated herein, Defendant's motion to stay is granted.

## I.    BACKGROUND

Plaintiffs' complaint seeks advancement of legal fees and expenses from Alliance Beverage Distributing Co., LLC, a Delaware limited liability company, ("Alliance") pursuant to Section 18-108 of the Delaware Limited Liability Company Act (the "LLC Act")[1] and Section 5.5 of the Limited Liability Company Agreement

---

[1]    6 *Del. C.* § 18-108.

of Alliance (the "Alliance LLC Agreement"). Arizona Beverage Distributing Co., LLC, a subsidiary of Breakthru Beverage Group ("Breakthru"), and Cactus Beverage Distributing Company ("Cactus"), a subsidiary of Glazer's, Inc. ("Glazer's"), are the two members of Alliance. Glazer's allegedly entered a nationwide distribution agreement with Bacardi, Inc. ("Bacardi"), which deprived Alliance of the ability to distribute Bacardi brands. Glazer's actions form the basis of an ongoing dispute between Breakthru and Glazer's. In this case, Plaintiffs, certain Alliance managers and Cactus, seek advancement of their legal fees and expenses incurred in connection with that dispute.

The Alliance LLC Agreement contains a dispute resolution provision, which requires that:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in the State of Arizona administered by the American Arbitration Association under its Commercial Arbitration Rules and the Supplemental Procedures for Large, Complex Disputes, and judgments on the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.[2]

In light of the parties' agreement to submit disputes to arbitration, Defendant moves to dismiss this case under Court of Chancery Rule 12(b)(1) for lack of subject matter

---

[2]      Alliance LLC Agreement § 11.6(a).

jurisdiction or alternatively to stay this case pending resolution of the dispute through arbitration.

## II.   ANALYSIS

"Delaware courts lack subject matter jurisdiction to resolve disputes that litigants have contractually agreed to arbitrate."[3]  Delaware public policy favors arbitration, and "in recognition that 'contractual arbitration clauses are generally interpreted broadly in furtherance of that policy[,]' a Rule 12(b)(1) motion will be granted if the parties contracted to arbitrate the claims asserted . . . ."[4]  "This Court also possesses the inherent power to manage its own docket and may, on the basis of comity, efficiency, or common sense, issue a stay pending the resolution of an arbitration . . . ."[5]

As a threshold matter, I must determine whether this Court has jurisdiction to decide the question of substantive arbitrability—that is, who may decide whether the present dispute is subject to arbitration.  The Delaware Supreme Court held in *James*

---

[3]     *NAMA Hldgs., LLC v. Related World Mkt. Ctr., LLC*, 922 A.2d 417, 429 (Del. Ch. 2007).

[4]     *Li v. Standard Fiber, LLC*, 2013 WL 1286202, at *4 (Del. Ch. Mar. 28, 2013) (quoting *Majkowski v. Am. Imaging Mgmt. Servs., LLC*, 913 A.2d 572, 581-82 (Del. Ch. 2006)).

[5]     *Legend Nat. Gas II Hldgs., LP v. Hargis*, 2012 WL 4481303, at *4 (Del. Ch. Sept. 28, 2012).

*& Jackson, LLC v. Willie Gary, LLC* that the general rule in Delaware is that "courts should decide questions of substantive arbitrability."[6] That rule may be altered by contract when there is "'clear and unmistakable' evidence that the parties agreed to arbitrate."[7] *Willie Gary* holds that such clear evidence of the parties' intent to arbitrate exists when the contract contains "(1) an arbitration clause that generally provides for arbitration of all disputes; and (2) a reference to a set of arbitration rules that empower arbitrators to decide arbitrability . . . ."[8] This Court subsequently held in *McLaughlin v. McCann* that to realize the efficiency goals of the *Willie Gary* rule, "absent a clear showing that the party desiring arbitration has essentially no non-frivolous argument about substantive arbitrability to make before the arbitrator, the court should require the signatory to address its arguments against arbitrability to the arbitrator."[9]

Under the *Willie Gary* test, the Alliance LLC Agreement presents "clear and unmistakable" evidence that the parties intended to arbitrate the question of

---

[6]     *James & Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76, 78 (Del. 2006).

[7]     *Li*, 2013 WL 1286202, at \*5 (quoting *Willie Gary*, 906 A.2d at 79).

[8]     *Redeemer Comm. of the Highland Crusader Fund v. Highland Capital Mgmt., L.P.*, 2017 WL 713633, at \*3 (Del. Ch. Feb. 23, 2017) (citing *Willie Gary*, 906 A.2d at 79).

[9]     *McLaughlin v. McCann*, 942 A.2d 616, 627 (Del. Ch. 2008).

substantive arbitrability in this case. The Alliance LLC Agreement provides that "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof" shall be submitted to arbitration.[10] The parties point to no exceptions in the Alliance LLC Agreement to that arbitration clause. Such a broad agreement to arbitrate satisfies the first prong of the *Willie Gary* test.

The arbitration clause also satisfies the second *Willie Gary* prong. It requires that arbitration proceedings arising under or related to the Alliance LLC Agreement be "administered by the American Arbitration Association under its Commercial Arbitration Rules and the Supplemental Procedures for Large, Complex Disputes."[11] AAA Commercial Arbitration Rule 7 provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction."[12] Thus, the Alliance LLC Agreement incorporates by reference arbitration rules under which the arbitrator is empowered to decide questions of arbitrability.

Additionally, Defendant has more than a non-frivolous argument that substantive arbitrability should be decided by the arbitrators in Arizona. While I "must not 'delve into the scope of the arbitration clause and the details of the contract

---

[10]    Alliance LLC Agreement § 11.6(a).

[11]    *Id.*

[12]    Def.'s Opening Br. 9 (quoting AAA Commercial Arbitration Rule 7).

and pending lawsuit'" as part of this "preliminary evaluation,"[13] the parties point to no exceptions to the broad contractual language vesting the arbitrator with the power to decide substantive arbitrability. Further, Plaintiffs do not argue that their claim for advancement does not fall within the Alliance LLC Agreement's broad arbitration clause or does not relate to the Alliance LLC Agreement. This Court, therefore, lacks subject matter jurisdiction to decide substantive arbitrability.

Plaintiffs argue that they should not be required to arbitrate their right to advancement of legal fees and expenses because the right to advancement must be adjudicated summarily in order for advancement to be of any value as a right separate from indemnification. They assert that arbitration will take longer than litigation in part because of the extended process for choosing arbitrators. Plaintiffs do not address Defendant's *Willie Gary* arguments and appear to contend that advancement should not be submitted to arbitration regardless of an agreement to the contrary. But that is not Delaware law.[14] Further, Plaintiffs caused any

---

[13]     *Li*, 2013 WL 1286202, at *5 (quoting *McLaughlin*, 942 A.2d at 623).

[14]     *See, e.g.*, *Redeemer Comm. of the Highland Crusader Fund v. Highland Capital Mgmt., L.P.*, 2017 WL 713633 (Del. Ch. Feb. 23, 2017) (staying an advancement case in favor of arbitration); *Riley v. Brocade Commc'ns Sys., Inc.*, 2014 WL 1813285 (Del. Ch. May 6, 2014) (same); *Li*, 2013 WL 1286202 (same); *Yuen v. Gemstar-TV Guide Int'l, Inc.*, 2004 WL 1517133 (Del. Ch. June 30, 2004) (dismissing an advancement case in favor of arbitration).

additional delay themselves by filing a complaint for advancement in this Court in the face of a broad arbitration clause. Thus, I grant Defendant's motion for a stay pending the arbitrator's decision regarding arbitrability.

## III.    CONCLUSION

Because I conclude that the parties agreed to submit the question of substantive arbitrability to an arbitrator and because Plaintiffs have not shown that Defendant has no non-frivolous arguments regarding substantive arbitrability, Defendant's motion to stay pending the arbitrator's determination of substantive arbitrability is GRANTED.

**IT IS SO ORDERED.**

Sincerely,
*/s/Tamika Montgomery-Reeves*
Vice Chancellor

TMR/jp